UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT RAY ADAMS and<br>MINDY KAY ADAMS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED-BILT HOMES, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 13-CV-262-JED-PJC<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

The Court has for its consideration the defendant's Motion to Abate Proceedings Directing Arbitration (Doc. 5). The defendant, United-Bilt Homes, LLC ("United"), seeks to enforce what it characterizes as a mandatory arbitration provision within the contract between the parties. The plaintiffs, Robert Ray Adams and Mindy Kay Adams, dispute that the contract mandates arbitration of their claims.

### BACKGROUND

On September 23, 2010, the parties entered into a Home Building Agreement (the "Agreement") whereby United would build a home for the plaintiffs in Delaware County, Oklahoma. Pursuant to the Agreement, United would construct a custom home in exchange for an agreed price of $149,530. The Agreement contains a provision (the "ADR provision"), which has been reproduced below, in part, as it appears in the agreement:

> ALTERNATIVE DISPUTE RESOLUTION (ADR): MEDIATION & ARBITRATION OF ALL CLAIMS ANY DISPUTE, DISAGREEMENT, ACTION, CAUSE OF ACTION, LAWSUIT, CLAIM, COUNTERCLAIM, OR CONTROVERSY OF ANY KIND BETWEEN OR AMONG US, OR OUR ASSIGNS OR PRIVIES, UPON REQUEST OF EITHER PARTY, SHALL BE SUBMITTED TO THE AMERICAN ARBITRATION ASSOCIATION (AAA) FOR MEDIATION, AND IF NOT THERE RESOLVED, THEN TO ARBITRATION FOR FINAL RESOLUTION. BOTH MEDIATION AND ARBITRATION WILL BE CONDUCTED ACCORDING TO THE FEDERAL ARBITRATION ACT AND THE *HOME CONSTRUCTION ARBITRATION RULES AND MEDIATION PROCEDURES* OF THE AAA, AS SUCH RULES STAND AT THE TIME OF THE DISPUTE. WE WILL EACH EQUALLY PAY ONE-HALF OF THE COST OF MEDIATION AND/OR ARBITRATION, AND SEPARATELY PAY OUR OWN EXPENSES, INCLUDING ATTORNEY FEES, EXPERT WITNESS OR CONSULTANT FEES, AND RELATED COSTS. WE ALSO BOTH AGREE THAT ANY ARBITRATION PROCEEDING WILL BE PLACED ON THE "FAST-TRACK" PROCEDURES FOR FASTER RESOLUTION, WHERE FEASIBLE AND ALLOWED BY THE APPLICABLE RULES.

(Doc. 5-1, at 12). The Agreement goes on to state that it applies "to any dispute, disagreement, action, cause of action, lawsuit, claim, counterclaim, or controversy of any kind…." (*Id*., bold, all-caps typeface converted to unbolded, lowercase typeface). The parties disagree as to the meaning of this portion of the Agreement. United asks that the Court construe this provision as a mandatory arbitration provision, stay these proceedings, and direct the parties to AAA for resolution of the dispute. The plaintiffs argue that, based upon the way this provision is written, it is simply mandating that, if the parties choose to mediate or arbitrate, that they must do so before the AAA if either party requests it. In other words, plaintiffs argue that "[a]ctive mediation or arbitration is a condition precedent to [invoke] the ADR provision." (Doc. 10, at 4).

## STANDARDS

The Federal Arbitration Act (FAA) represents a strong public policy in favor of arbitration, and states that a "written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract…shall be valid, irrevocable, and enforceable...." 9 U.S.C. § 2; *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp*., 559 U.S. 662, 682 (2010); *Vaden v. Discover Bank*, 556 U.S. 49, 58 (2009). The FAA "requires a district court to stay judicial proceedings where a written agreement provides for the arbitration of the dispute that is the subject of the litigation." *Coors*

*Brewing Co. v. Molson Breweries*, 51 F.3d 1511, 1514 (10th Cir. 1995). In considering a motion to compel arbitration, the court must determine (1) whether a valid agreement to arbitrate exists, and (2) whether the subject matter of the dispute is covered by the arbitration agreement. *Id*. at 1515–16.

## DISCUSSION

Pursuant to Tenth Circuit precedent, the Court must first consider whether the ADR provision constitutes a valid agreement to arbitrate. Generally, the courts will enforce arbitration agreements according to the terms of the parties' contract, since arbitration "is a matter of consent, not coercion." *Volt Info. Sciences, Inc. v. Board of Trustees*, 489 U.S. 468, 479 (1989). The interpretation of an arbitration agreement is a matter of state contract law. *Stolt-Nielsen*, 559 U.S. at 681.

The parties agree that the Agreement mandates application of Louisiana law with respect to contract interpretation. (Docs. 10, at 2 and 11, at 8). "Under Louisiana law, the interpretation of an unambiguous contract is an issue of law for the court." *Amoco Prod. Co. v. Tx. Meridian Res. Exploration Inc*., 180 F.3d 664, 668 (5th Cir. 1999). Louisiana's rules of contract interpretation are largely defined by the Louisiana Civil Code. *See Dore Energy Corp. v. Prospective Inv. & Trading Co. Ltd*., 570 F.3d 219, 225 (5th Cir. 2009). Under the Code, "[w]hen the words of the contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code Art. 2046. "Words susceptible of different meanings must be interpreted as having the meaning that best conforms to the object of the contract." *Id*. at 2048. In addition, "[a] provision susceptible of different meanings must be interpreted with a meaning that renders it effective and not with one that renders it ineffective. *Id*. at 2049. "Each provision in a contract must be interpreted in light

of the other provisions so that each is given the meaning suggested by the contract as a whole." *Id*. at 2050. "A contract provision is not ambiguous where only one of two competing interpretations is reasonable or merely because one party can create a dispute in hindsight." *Amoco Prod*., 180 F.3d at 668–69 (quoting *Tx. Eastern Transmission Corp. v. Amerada Hess Corp*., 145 F.3d 737, 741 (5th Cir.1998)) (internal quotation marks omitted).

Under Louisiana principles of contract interpretation, the Court finds that the ADR provision in the Agreement to be a mandatory arbitration provision under the FAA.  The interpretation of the provision urged by the plaintiffs is strained and illogical.  Under their interpretation, the parties would have to already be engaged in mediation or arbitration before the ADR provision could be triggered at the request of either party which would essentially render it meaningless.  The Adams' interpretation simply does not mesh with the language of the ADR provision, which plainly states that it "applies to any dispute, disagreement, action, cause of action, lawsuit, claim, counterclaim, or controversy of any kind…" (*see* page 2, *supra*), but contains no limitation that the parties must be engaged in mediation or arbitration for the provision to be applied.  Indeed, there is absolutely no basis for plaintiff's position that the ADR provision is anything other than a mandatory arbitration provision.[1]  No rational reading of the provision could lead to any other outcome.  Having found that the ADR provision constitutes a binding arbitration provision, the Court also finds that the parties' dispute is covered by the

---

[1] The *only* potential confusion as to the meaning of the ADR provision stems from the possible omission of a period, which may belong in the first line following the word "claims". Throughout the Agreement, paragraph headings appear bolded, in all caps, with a period at the end of the heading.  The ADR provision is entirely bolded and in all-caps, but there is not a period at what appears to be the end of the heading, which takes up the entirety of the first line. (*See* page 2, *supra*).  The Court notes that United took the liberty of incorrectly (and perhaps overzealously) inserting this period while quoting the provision in its reply brief.  However, even were a period never intended to be inserted where United suggests, plaintiff's reading of the provision would still be well beyond any stretch of the imagination.

broad, all-encompassing provision and that the dispute should be submitted to AAA in accordance with United's request.

**IT IS THEREFORE ORDERED** that defendant's Motion to Abate Proceedings Directing Arbitration (Doc. 5) is **granted**, and all claims alleged in the complaint (Doc. 2) shall be submitted to arbitration pursuant to the parties' Agreement. In addition, this case is stayed pending completion of the arbitration proceedings. The parties shall file a joint statement advising the Court of the arbitrator's decision within 21 days of the completion of the arbitration proceedings.

**IT IS FURTHER ORDERED** that, pursuant to LCvR 41.1, the Court Clerk is directed to **administratively close** this case pending either an order of the Court reopening the action, or until this case is dismissed with prejudice by stipulation of the parties.

**SO ORDERED** this 7th day of March, 2014.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE